Curia, per

Earle J.
The argument on the part of the defendant assumes, that in order to admit an attested copy of a deed from the Register’s office, it is not only necessary to prove the existence and the loss of the original, but that there should be some proof of the actual execution; no case has gone thus far. In Purvis vs. Robinson, it was only held that the record, or an attested copy, should supply the loss of the original. So in Dingle vs. Bonneau, and in Turnipseed vs. Hawkins, 1 M’C. 177—272, it was held only necessary to prove the loss of the original, in order to admit the attested copy as secondary evidence. The cases of Peay vs. Pickett, and M'Laurin vs. Talbot, have introduced no change in the rule, but relate only to the kind and degree of evidence which shall be deemed sufficient to establish the loss of the original; and both result in the same conclusion, that there is no better way to prove the loss of a thing, than to show that it has been sought for *68 where it ought to be, where it is usually kept, and mig’ht be expected to be found, and that it has not been found. It is true, Mr. Justice Harper, in M’Laurin vs. Talbot, speaks of the proof afforded there, of the deed’s existence; and says, it is hardly possible to prove the loss of a deed, without giving some evidence of the existence and contents, or general purport. The evidence in the case before us, of the existence of the original deed, as a genuine paper,, is fuller and stronger, that it was in M’Laurin vs. Talbot, and of the same kind. Tait, who married one of the grantees, in the deed, and under whom the defendant derives title, found in the hands of his wife, at the time of their marriage, a deed purporting to be a conveyance from Lambert, such as the plaintiffs set up for the land in question; under that deed he entered upon the land as his wife’s property, and held possession until he sold to Holt, who entered, and afterwards sold to the defendant — and he has been in possession ever since, claiming title to the moiety of Julia Ann Smith, under the same deed, the existence of which he denies, and requires to be proved. The entry of one of the grantees, and the continued possession since 1825, under her title, affords abundant evidence of the existence of the deed as a genuine paper, as well as of its géneral contents and purport; even if the cases, on the construction of the act of 1731, required such proof. The language of the Act is, that the records of deeds, “duly proved before a Justice of the peace in the usual method, and recorded <fec., and also, the attested copies thereof, should be deemed to be as good evidence, in law — and of the same force and effect, as the original would have been, if produced.” It has been held that the original, if in existence, should be produced. If lost, or if, after.proper search, it cannot be found, its being proved in the usual mode, before a Justice of the peace and recorded, is, I apprehend, sufficient evidence that it once had existence. Next, as to the evidence of its loss. It was delivered to Holt, who conveyed to the defendant, in 1832. The title deeds should accompany the possession, and be in the hands of the owner. And it is a reasonable conclusion of fact, as well as a presumption of law, that when Holt conveyed to the defendant, he likewise delivered the *69 title deed. Holt is a resident citizen of a distant State, not amenable to process issuing here, and incompetent as a witness, if he were. If he did not deliver it to Wheeler, the deed may well be considered beyond the reach of the plaintiffs, and, therefore, lost; and if delivered to Wheeler, which is far more probable, we have his own declaration, in writing-, that after diligent search the deed cannot be found. If, under such circumstances, the attested copy from the record is not competent, the registry of deeds is a mockery. The whole Court agrees that it was properly received, and the motion is refused.
B. J. EARLE.
We concur. J. S. Richardson, J. Belton O’Neall, Josiah J. Evans, A. P. Butler, D. L. Wardlaw.
Dargan, for motion. Sims, contra.